BETSY C. MANIFOLD (SBN 182450)
RACHELE R. BYRD (SBN 190634)
MARISA C. LIVESAY (SBN 223247)
BRITTANY N. DEJONG (SBN 258766)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIVA STEIN,<br><br>           Plaintiff,<br><br> v.<br><br>COLLECTORS UNIVERSE, INC., A.J. "BERT" MOYER, JOSEPH J. ORLANDO, BRUCE A. STEVENS, KATE W. DUCHENE, VINA M. LEITE, JON M. SULLIVAN, LORRAINE G. BARDEEN, JENNIFER H. LEUER,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Shiva Stein ("Plaintiff"), by her attorneys, makes the following allegations against Collectors Universe, Inc. (sometimes referred to herein as "Collectors Universe" or the "Company") and the members of the board of directors of Collectors Universe (the "Board" or "Individual Defendants," along with Collectors Universe, collectively referred to as the "Defendants"), for their violations of Sections 14(e), 14(d) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78n(d), 78t(a), SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, and Regulation G, 17 C.F.R. § 244.100, in connection with the proposed acquisition (the "Proposed Transaction") of Collectors Universe by an investor group led by Nat Turner, D1 Capital Partners L.P., and Cohen Private Ventures, LLC (the "Buyout Group") and its affiliates.  The allegations in this complaint are based on the personal knowledge of Plaintiff as to herself and on information and belief (including the investigation of counsel and review of publicly available information) as to all other matters stated herein.

## INTRODUCTION

1.      This is an action brought by Plaintiff against Collectors Universe and the members of the Collectors Universe board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Collectors Universe by affiliates of Buyout Group.

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on December 17, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Collectors Universe will be acquired by the Buyout Group through its affiliates Cards Acquisition Inc. ("Purchaser"), and its parent company, Cards Parent LP ("Parent"), whereby Purchaser will merge with and into Collectors Universe with Collectors Universe continuing as a surviving corporation and an indirect wholly owned subsidiary of Parent and cease to be publicly traded (the "Proposed Transaction").  Pursuant to the terms of the

definitive agreement and plan of merger the companies entered into on November 30, 2020 (the "Merger Agreement"), each Collectors Universe common share issued and outstanding will be converted into the right to receive $75.25 per share in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Purchaser commenced a tender offer to acquire all of Collectors Universe's outstanding common stock and will expire on January 19, 2021 (the "Tender Offer"). Parent is controlled by the Buyout Group.

3.    Defendants have now asked Collectors Universe's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.   Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Collectors Universe's financial projections relied upon by the Company's financial advisor, Houlihan Lokey Capital, Inc. ("Houlihan Lokey") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Houlihan Lokey. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Collectors Universe stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.    It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5.    For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Collectors Universe's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.     Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Collectors Universe is headquartered in this District.

**PARTIES**

9.     Plaintiff is, and has been at all relevant times, the owner of Collectors Universe common stock and has held such stock since prior to the wrongs complained of herein.

10.    Individual Defendant A.J. "Bert" Moyer has served as a member of the Board since 2003 and is the Chairman of the Board.

11.    Individual Defendant Joseph J. Orlando has served as a member of the Board and Chief Executive Officer since 2017.

12.    Individual Defendant Bruce A. Stevens has served as a member of the Board since 2006.

13.    Individual Defendant Kate W. Duchene has served as a member of the Board since 2020.

14.    Individual Defendant Vina M. Leite has been a member of the Board since 2020.

15.    Individual Defendant Jon M. Sullivan has served as a member of the Board since 2020.

16.    Individual Defendant Lorraine G. Bardeen has served as member of the Board since 2020.

17.     Individual Defendant Jennifer H. Leuer has served as member of the Board since 2020.

18.     Defendant Collectors Universe is incorporated in Delaware and maintains its principal offices at 1610 East Saint Andrew Place, Santa Ana, California, 92705. The Company's common stock trades on the NASDAQ Global Select Market under the symbol "CLCT."

19.     The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.     The Proposed Transaction**

21.     Collectors Universe provides authentication, grading, and related services to dealers, collectors, and retail buyers and sellers of coins, trading cards, event tickets, autographs, and historical and sports memorabilia in the United States. The Company operates in three segments: Coins, Trading Cards and Autographs, and Other Collectibles. It also publishes magazines that provide market prices and information for various collectibles and high-value assets that are accessible on its websites. In addition, the Company offers web-based advertising services; operates an online market for graded collectible coins for dealers on a subscription basis; and promotes, manages, and operates the Long Beach Coin shows. Collectors Universe was founded in 1986 and is headquartered in Santa Ana, California.

22.     On November 30, 2020, the Company announced the Proposed Transaction:

NEWPORT BEACH, Calif., Nov. 30, 2020 (GLOBE NEWSWIRE) -- Collectors Universe, Inc. (NASDAQ: CLCT) ("Collectors Universe" or the "Company"), a leading provider of value-added authentication and grading services to dealers and collectors of collectibles, today announced that it has entered into a definitive agreement under which an investor group led by entrepreneur and sports card collector Nat Turner, D1 Capital Partners L.P., and Cohen Private Ventures, LLC (the "Investor Group") will acquire all of the Company's outstanding shares of common stock for $75.25 per share in cash.

The transaction represents a premium of approximately 30% over the Company's 60-day volume-weighted average price ended on November 25, 2020, the last full trading day before today's announcement. The transaction, which was approved by the Collectors Universe Board of Directors, represents fully diluted equity value of approximately $700 million, and is not subject to any financing contingency.

Joseph J. Orlando, President and CEO of Collectors Universe, will continue to lead Collectors Universe, which will retain its headquarters in Santa Ana, California.

"After careful consideration, we are pleased to have reached an agreement that reflects the remarkable value creation Collectors Universe has achieved through its consistent execution during these challenging times," said A.J. "Bert" Moyer, Chairman of the Collectors Universe Board of Directors. "This transaction will deliver an immediate cash premium to our shareholders, and create exciting opportunities for our employees, collectors and dealers around the world."

"Collectors Universe has firmly established itself as an industry leader, with the strongest and best-known brands in authentication and grading services," said Mr. Orlando. "As we look to our next chapter, I'm excited to partner with Nat, a fellow lifelong collector and hobbyist whose passion for the collectibles space and substantial experience scaling technology businesses will help position Collectors Universe to drive continued growth and success in our PSA and PCGS brands over the long-term. This transaction is a testament to the value that all of Collectors Universe's talented employees have built. As we transition from a public to a private company, in partnership with Nat and a group of world-class financial investors and sports and collectibles enthusiasts, our customers will continue to see the same level of integrity, transparency, service and high-quality solutions that they expect from Collectors Universe."

"Collecting sports cards and connecting with like-minded hobbyists has been a lifelong passion," said Mr. Turner. "I have tremendous respect for the high-quality services Collectors Universe provides and the leadership position its talented team, led by Joe Orlando, has built. We are committed to bringing the resources and expertise necessary to expand the Company's operational capacity and technological capabilities, while enhancing the accuracy and consistency for which Collectors Universe is known."

**Transaction Details**

The transaction will be completed through a cash tender offer for all of the outstanding common shares of Collectors Universe for $75.25 per share in cash, to be commenced as promptly as reasonably practicable, followed by a merger in which any remaining outstanding shares of Collectors Universe will be converted into the right to receive the same cash price per share paid in the tender offer. The

closing of the tender offer is subject to certain limited and customary conditions, including the tender by Collectors Universe shareholders of at least one share more than 50% of Collectors Universe's issued and outstanding shares and expiration or early termination of the statutory waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976.

The Collectors Universe Board of Directors recommends that all shareholders tender their shares in the offer.

The transaction is expected to close in the first calendar quarter of 2021. Upon completion of the transaction, Collectors Universe will become a privately held company and its shares will no longer be listed on any public market.

**Advisors**

Houlihan Lokey is serving as financial advisor to the Company and Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as legal counsel.

Allen & Company LLC is serving as financial advisor to the Investor Group and Sullivan & Cromwell LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP are serving as legal counsel.

\* \* \*

23.     It is therefore imperative that Collectors Universe's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.      The Materially Incomplete and Misleading Solicitation Statement**

24.     On December 17, 2020, Collectors Universe filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25.     The Solicitation Statement fails to provide material information concerning financial projections by Collectors Universe management. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and Houlihan Lokey with forming a view about the stand-alone valuation of the Company. *See* Solicitation Statement at 38.   Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that Collectors Universe management provided to the Board and Houlihan Lokey. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 203 (Del. Ch. 2007).

26.     The Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2020 through 2025: (a) Adjusted EBITDA; (b) Adjusted EBIT; and (c) Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics or a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a). Solicitation Statement at 38. This omission is material because without this information, Collectors Universe's public shareholders are unable to fully understand the analysis and, thus, are unable to determine what weight, if any, to place on the fairness opinion in determining whether to tender their shares.

27.     With respect to Houlihan Lokey's *Selected Companies Analysis*, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the companies observed by Houlihan Lokey in the analysis; (ii) the inputs in the calculation to derive the implied enterprise value reference range; (iii) the Company's total debt and cash and cash equivalents; and (iv) number of fully diluted shares outstanding.

28.     With respect to Houlihan Lokey's *Selected Transactions Analysis*, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed by Houlihan Lokey in the analysis; (ii) the inputs in the calculation to derive the implied enterprise value reference range; (iii) the Company's total debt and cash and cash equivalents; and (iv) number of fully diluted shares outstanding.

29.     With respect to Houlihan Lokey's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) terminal values for the Company calculated by Houlihan Lokey; (ii) Houlihan Lokey's basis for applying a range of terminal value Adjusted EBITDA multiples of 10.0x to 12.0x to the Company's estimated fiscal year 2025 Adjusted EBITDA; (ii) the individual inputs and assumptions underlying the range of discount rates from 9.0% to 11.0%; (iii) the Company's total debt and cash and cash equivalents; and (iv) number of fully diluted shares outstanding.

30.     In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of Section 14(e) of the Exchange Act
### (Against All Defendants)

31.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

32.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

33.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

35.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

36.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

37.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the

Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

38.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

39.     Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

40.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

41.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

42.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

43.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

44.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT III**
**Violations of Section 20(a) of the Exchange Act**
**(Against the Individual Defendants)**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Collectors Universe within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Collectors Universe, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Collectors Universe, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Collectors Universe, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

49.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Solicitation Statement purports to describe the various issues and

---

information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

1

2

## JURY DEMAND

3          Plaintiff demands a trial by jury.

4     DATED:  December 23, 2020                **WOLF HALDENSTEIN ADLER**
                                                **FREEMAN & HERZ LLP**
5

6                                               By*:    /s/ Rachele R. Byrd*
                                                BETSY C. MANIFOLD
7                                               RACHELE R. BYRD
                                                MARISA C. LIVESAY
8                                               BRITTANY N. DEJONG
                                                750 B Street, Suite 1820
9                                               San Diego, CA 92101
                                                Telephone: (619) 239-4599
10                                              Facsimile: (619) 234-4599
                                                manifold@whafh.com
11                                              byrd@whafh.com
                                                livesay@whafh.com
12                                              dejong@whafh.com

13                                              Of Counsel:

14
                                                **WOLF HALDENSTEIN ADLER**
15                                               **FREEMAN & HERZ LLP**
                                                GLORIA KUI MELWANI
16                                              270 Madison Avenue
                                                New York, NY 10016
17                                              Telephone: (212) 545-4600
                                                Facsimile: (212) 686-0114
18

19                                              ***Counsel for Plaintiff***

20

21

22

23

24

25

26     810229

27

28

COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE
ACT OF 1934